[Civ. No. 9459. Second Appellate District, Division Two.—April 1, 1935.]

GEORGE POTTER, Respondent, v. JAMES T. AGAJA-NIAN, Appellant.

[Civ. No. 9460. Second Appellate District, Division Two.—April 1, 1935.]

JEROME C. MORRIS, a Minor, etc., Respondent, v. JAMES T. AGAJANIAN, Appellant.

Elmer I. Moody for Appellant.

Clifton A. Hix for Respondents.

CRAIL, J.—Plaintiffs above named sued the defendants in two separate actions, which were tried together in the superior court and obtained judgments against the defendant James T. Agajanian. He appeals therefrom. The litigation arose out of injuries received in a motor vehicle collision.

■ Said defendant (appellant) first complains that plaintiffs did not establish ownership of the truck concerned in the collision in James T. Agajanian. There was no denial of such ownership in the defendant's answer, and such ownership having been admitted was not in issue at the trial. However, plaintiff calls our attention to evidence which does tend to establish such ownership.

■ Defendant next contends that the plaintiffs failed to establish that the driver of defendant's truck was operating the same with the consent of the defendant. This was admitted in the pleadings and was not in issue. He next contends that the plaintiffs failed to establish that the driver was acting as the agent, servant or employee of the defendant. This also was admitted in the pleadings. He also contends that the evidence discloses, if anything at all, that the driver was acting as the servant, agent and employee of Agajanian Brothers, but as we have already said the defendant admitted otherwise. ■ The defendant also contends that if there was any liability of the defendant it was a joint liability as a copartner with his brothers and not an individual liability. The defendant's answer denied that there was any such copartnership and the jurors appear to have so found. ■ Lastly he contends that the court erred in not granting defendant's motion for a new trial, but for the reasons already given we find for the plaintiffs on this point.

Judgments affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.